**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KEVIN ROUSSELL**                                                                **CIVIL ACTION**

**VERSUS**                                                                               **NO. 20-756-SDD-RLB**

**BURROW GLOBAL SERVICES, LLC**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 7, 2020.

                                                                                    _____
                                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATE S DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN ROUSSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-756-SDD-RLB** |
| **BURROW GLOBAL SERVICES, LLC** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Supplement to Its Notice of Removal and Request for Remand. (R. Doc. 5).

On November 6, 2020, Burrow Global Services, LLC ("Burrow") removed this action from the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, asserting that the Court could properly exercise diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On November 12, 2020, the Court issued a *sua sponte* order pursuant to 28 U.S.C. § 1653 stating that Burrow did not correctly identify the citizenship of its members. (R. Doc. 4). The Court ordered Burrow to file an amended notice of removal setting forth all citizenship particulars required to sustain federal diversity jurisdiction by December 3, 2020. (R. Doc. 4 at 2).

On December 3, 2020, Burrow filed the instant Supplement to Its Notice of Removal and Request for Remand. (R. Doc. 5). Burrow asserts that because one of its individual members resides in Louisiana, Burrow is in fact a citizen of Louisiana and the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different States." Diversity jurisdiction exists only when there is "complete diversity"

between the parties. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction; and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citations omitted).

The citizenship of a limited liability company is determined by the citizenship of each of its members, not the state under whose laws it is organized, the location of its principal place of business, or its authorization to do business in a certain state. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

Burrow, the removing defendant, has supplemented its Notice of Removal by asserting that this action lacks complete diversity. Accordingly, Barrow has not met its burden of establishing that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Remand of the action for lack of subject matter jurisdiction is appropriate.

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Request for Remand (R. Doc. 5) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on December 7, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**